Christopher J. Hamner, Esq. (SBN 197117)
**HAMNER LAW OFFICES, APLC**
5023 Parkway Calabasas
Calabasas, California 91302
Telephone: (818) 876-9631
chamner@hamnerlaw.com

Attorneys for Plaintiff, Christopher Musulman and the proposed class

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER MUSULMAN, an individual California resident, on behalf of himself individually and the proposed class,<br><br>Plaintiff<br><br>v.<br><br>SELECT EXPRESS & LOGISTICS, a California business of unknown form, LUMBER LIQUIDATORS SERVICES, LLC, a Delaware company, and DOES 1-10,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION AND COLLECTIVE COMPLAINT FOR:**<br><br>1. **Failure to Pay Wages, Labor Code §§ 1194, 1997, 1197.1e**<br>2. **Failure to Pay Overtime**<br>3. **Violation of the Fair Labor Standards Act ("FLSA", 29 U.S.C. § 201 *et seq*.)**<br>4. **Failure to Provide Itemized Statements**<br>5. **Failure to Provide Meal Periods**<br>6. **Failure to Provide Rest Periods**<br>7. **Unfair Business Practices (B&P § 17200)**<br>8. **Violation of Labor Code § 2699**<br>9. **Injunctive Relief**<br><br>**DEMAND FOR JURY TRIAL** |

MUSULMAN, ET AL v. SEECT EXPRESS & LOGISTICS, ET AL.
COMPLAINT

Plaintiff Christopher Musulman ("Plaintiff"), on behalf of himself and the proposed class, hereby alleges the following causes of action against Select Express Logistics and Lumber Liquidators (hereinafter "Defendants")  and Does 1 through 100, inclusive as follows:

## I.  GENERAL ALLEGATIONS

### A. <u>Plaintiff</u>

1.    Plaintiff Christopher Musulman ( "Plaintiff"), during the relevant period was employed as a non-exempt driver and customer service representative for Defendants from approximately August 2018 to February 2019 within the State of California in Pomona, located in Los Angeles County, California.

### B. <u>Defendants</u>

2.     Defendant, Select Express and Logistics ("Select") is a business of unknown legal form which owns and operates, and does business throughout the United States.  Select has offices in, regularly and systematically does business in, Los Angeles County.   Select provides delivery and logistics services such as courier/ messenger, home delivery, white glove and assembly, and logistics solutions throughout the United States, including Los Angeles County.  Plaintiff worked for Select in Los Angeles County.

3.      Defendant, Lumber Liquidators Services, LLC ("Lumber Liquidators") is a Delaware corporation that owns and operates and does business across the United States with stores located across the country.   Lumber Liquidators is a chain retailer carrying a wide range of hardwood, laminate and bamboo flooring.

4.      Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendants and DOES 1 through 10, were and are companies doing business in the State of California.

MUSULMAN, ET AL v. SEECT EXPRESS & LOGISTICS, ET AL.
COMPLAINT

5.      Select and Lumber Liquidators are referred to herein at relevant times as Defendants.

6.      The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 to 10, inclusive, are currently unknown to Plaintiff.  Plaintiff is informed and believes, and based thereon alleges, that each of the defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.

7.      At all times mentioned herein, each of the Defendants participated in the doing of the acts alleged to have been done by the named Defendants as alleged, as joint employers of Plaintiff and the proposed class and were otherwise the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times mentioned herein, were acting within the course and scope of said agency and joint employment.

8.      At all times mentioned herein, Defendants, and each of them, were members of, and engaged in, a joint venture, joint employer, partnership and common enterprise, and acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

9.      At all times herein mentioned, the acts and omissions of various Defendants, and each of them, occurred with and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries and damages alleged herein.

10.     At all times mentioned herein, Defendants, and each of them, approved of, condoned and/or otherwise ratified each and every one of the acts or

omissions complained of herein.  At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and every one of the other Defendants, thereby proximately causing the damages as alleged.

11.    Plaintiff's job duties for Defendants Select and Lumber Liquidators were to deliver home flooring to Defendants' customers at their homes.  The majority of Select's delivery work was and is for and with Lumber Liquidators. When delivering Lumber Liquidators to flooring to Defendants' customers, Plaintiff's job was to unload and place the floor materials in the home, but not install the floor. Plaintiff's job was to inform the customer that a Lumber Liquidators installer would do this at a later date.  Quite often, Plaintiff and the class he seeks to represent would nevertheless be asked by the customer or Defendants, or both, assemble, unpack the flooring, move furniture and otherwise install, or take various steps to install and engage in some installation of the flooring, prior to, or instead of, the Lumber Liquidators installer.  This extra work and responsibility for Plaintiff to work on installation of Lumber Liquidator's products in customer's homes was completed by Plaintiff and the proposed class for the joint benefit of, and under the policies and procedures of both Defendants.

12.    Plaintiff alleges that when Defendants' customers ordered lumber flooring from Lumber Liquidators, they had the option of selecting "white glove service" for an additional fee.  For this option, Plaintiff and the proposed class would perform the "white glove assembly service" for Defendants' customers according to both Defendants contract and direction.  Plaintiff alleges during each of these white glove deliveries, Plaintiff and the class he seeks to represent would work additional time without legal pay.

13.    Plaintiff and the class he seeks to represent are entitled to

MUSULMAN, ET AL v. SEECT EXPRESS & LOGISTICS, ET AL.
COMPLAINT

regular pay, plus overtime pay for each hour worked traveling to and from, preparing for, delivering, installing, unpacking or assisting in the installation of Lumber Liquidators flooring and during white glove services performed for Defendants' clients.  Plaintiff alleges he and the proposed class were not properly paid, or paid at all for performing the white glove service for Defendants' customers.

14.     Plaintiff alleges when performing white glove services, Plaintiff and the proposed class frequently worked 10 hour days because of the extra time and duties necessary for the white glove service, and Defendants failed to pay legal and proper wages, including overtime to Plaintiff and the proposed class.

15.     Plaintiff and the class he seeks to represent were also not provided by Defendants rest periods for work periods of four or more hours and were not compensated one hours' wages in lieu thereof all in violation of, among other things, Labor Code sections 201, 202, 208, 218.5, 218.6, 221, 226.7, 227.3, 512, 1194, 1199, 2802, and all applicable Industrial Welfare Commission Wage Orders.

16.     During the Liability Period, Plaintiff and the class he seeks to represent were not provided lawful rest and meal periods, and were not provided with one hour's wage in lieu thereof.  Instead, Defendants have/had a policy of not providing rest and meal breaks to Plaintiff and the class he seeks to represent. Defendants each have/had a consistent, company-wide policy of not relieving Plaintiff and the class he seeks to represent of all work duties during meal and rest periods.  On days when Plaintiff and the proposed class worked on more than one white glove job, Plaintiff regularly worked more than 10 hours a day.

17.     Defendants did not fully compensate Plaintiff and the class he seeks to represent for hourly wages and commissions during the Liability Period and did

not compensate Plaintiff for Defendants' failure to provide rest periods and meal periods during the rest and meal period Liability Period.

18.     Defendants and/or their managing agents, employees, owners, shareholders, superintendents, managers, or persons acting on their behalf, willfully, intentionally, recklessly, and unlawfully forced the unlawful practices alleged herein on Plaintiff.  At times when Plaintiff and the proposed class performed "white glove" services installation for Defendants, both Defendants were acting as Plaintiff's joint employer.

19.     Defendant's denial of legal compensation due to Plaintiff was a breach of Defendants' fiduciary duty to Plaintiff, as the denial was deliberate and showed a callous disregard for the rights of Plaintiff, who relied on Defendants to compensate them fairly.

20.     Defendant has made it difficult to account with precision for the unlawfully withheld wages and deductions due to Plaintiff during the Liability Period because Defendant did not implement and preserve a record keeping method to record all the unlawful deductions by its employees as required for non-exempt employees by California Labor Code sections 226, 1174(d), and section 7 of the California Wage Orders.

21.     On information and belief, Defendants have failed to comply with Labor Code section 226(a) by failing/refusing to itemize in wage statements all deductions from payment of wages by failing/refusing to accurately report total hours worked by Plaintiff.  Plaintiff is entitled to penalties not to exceed $4,000 each pursuant to Labor Code section 226(b).

22.     On information and belief, Defendants have failed to comply with Industrial Welfare Commission IWC Wage Order 5-2001(7) by, among other violations, failing to maintain time records showing: (a) when the employee begins

and ends each work period, (b) meal periods, and (c) by itemizing in wage statements all deductions from payment of wages with accurate reporting of total hours worked by Plaintiffs.

23.     Plaintiffs are covered by the California Industrial Welfare Commission Occupational Wage Order Nos. 5-2001, 5-1998, California Industrial Welfare Commission in No. 4 (Title 8 Cal. Code of Reg. sections 11040, 11070), and the Labor Code.

### IV. CLASS DEFINITION AND ALLEGATION

24.     Plaintiffs seek to represent the following class pursuant to Federal Rule of Civil Procedure Rule 23:

> **All persons in the United States who have worked for Defendants, or as a third party for Defendants, who have delivered or installed Lumber Liquidators flooring through the Lumber Liquidators White Glove service option in California within the last 4 years, and continuing.**

Plaintiff reserves the right to amend this class definition.

### IV.    CLASS ALLEGATIONS

25.     *Numerosity.* The members of the proposed class are so numerous that their individual joinder is impracticable. Plaintiffs are informed and believe, and on that basis allege, that the proposed class contains hundreds of thousands of members. The precise number of proposed class members is unknown to Plaintiffs. The true number of the proposed class is known by the Defendants, however, and thus, may be notified of the pendency of this action by first class mail, electronic mail, and by published notice.

26.     *Existence and Predominance of Common Questions of Law and Fact.* Common questions of law and fact exist as to all members of the proposed class and predominate over any questions affecting only individual proposed class

members. These common legal and factual questions regarding, among other things, whether Plaintiffs and the class they seek to represent were/ are misclassified and are in fact non-exempt hourly sales people, whether the outside sales exception applies here, and whether and how much Defendants owe Plaintiffs and the proposed class in unpaid wages, fees, costs, and other damages and/or penalties, and also involve the following class questions:

(a)   what were and are the policies, programs, practices, procedures and protocols of Defendants regarding Plaintiffs and the proposed class members' actual work and tasks and their job duties irrespective of job titles;

(b)   whether Defendants are and were subject to overtime requirements contained in the California IWC Wage Orders and other California law with respect to Plaintiffs and the proposed class pursuant to Labor Code section 510, and Wage Order No. 4-2001 for the period commencing four years prior to the date of the filing of this Complaint and continuing through the date of judgment.

(c)   whether Defendants' policy and practice of classifying Plaintiffs and the proposed class as exempt from overtime entitlement under California law and Defendants' policy and practice of failing to pay overtime to the proposed class violates applicable provisions of California law, including applicable statutory and regulatory authority;

(d)   whether Defendants unlawfully failed to pay overtime compensation in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq., and the

MUSULMAN, ET AL v. SEECT EXPRESS & LOGISTICS, ET AL.
COMPLAINT

California Labor Code and related regulations, Cal Labor Code §§ 201, 202, 203, 226, 510, 1174, 1174.5, and 1194, the applicable Cal. Wage Orders;

(e)     whether Defendants violated California law by their policies, programs, practices, procedures and protocols regarding rest periods for Plaintiffs and the proposed class;

(f)     what were and are the policies, programs, procedures and protocols of Defendants regarding furnishing Plaintiffs and the proposed class, upon payment of wages, itemized statements required by Labor Code § 226.

(g)     whether Defendants violated Business & Professions Code sections 17200 et seq., by their policies, programs, practices, procedures and conduct referred to in this cause of action;

(h)     whether Plaintiffs and the proposed class are entitled to injunctive relief.

27.    ***Typicality.*** Plaintiff's claims are typical of the claims of the proposed class.

28.    ***Adequacy of Representation.*** Plaintiff will fairly and adequately protect the interests of the members of the proposed class.  Plaintiffs have retained counsel experienced in complex consumer class action litigation.  Plaintiffs intend to prosecute this action vigorously. Plaintiffs have no adverse or antagonistic interests to those of the proposed class.

29.    ***Superiority.*** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual proposed class members is relatively small compared to the burden and expense that would be entailed by individual

litigation of their claims against the defendant. It would thus be virtually impossible for the class, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if proposed class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

## IV.

## CAUSES OF ACTION

### First Cause of Action

### Failure to Pay Wages

30.    Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

31.    Defendants violated California Labor Code section 1194, 1197, 1197.1 and applicable Wage Order by willfully failing to pay all minimum wages due to Plaintiff.

32.     Plaintiff seeks all actual, consequential and incidental losses and damages, according to proof.

33.    For penalties of $100.00 for the initial failure to timely pay Plaintiff minimum wages, and $250.00 for each subsequent failure to pay Plaintiff's minimum wages pursuant to California Labor Code section 1197.1.

34.    For liquidated damages in an amount equal to the wages unlawfully

unpaid and interest thereon pursuant to California Labor Code section 1194.2.

35.   For unpaid wages and civil penalties pursuant to California Labor Code sections 2699(f) and (g) and 558 in an amount of $100.00 for each violation per pay period for the initial violation and $200.00 per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code section 1198.

**Second Cause of Action**

**Failure to Pay Wages at Overtime Rate**

(Lab. Code §§ 510, 1194 and 1199, IWC Wage Orders, and Related Violations)

36.   Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

37.   Throughout the period applicable to this cause of action, Plaintiff worked in excess of forty (40) hours per week and in excess of excess of eight (8) hours per day.

38.   Throughout the period applicable to this cause of action, Defendant did not pay Plaintiff at the required overtime rates for the work described in the preceding paragraphs.

39.   Pursuant to California Labor Code section 1194, Plaintiff is entitled to recover unpaid overtime compensation, and other unpaid wages, plus interest, plus attorneys' fees and costs.

40.   As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

41.     WHEREFORE, Plaintiff requests relief as described herein and below.

### Third Cause of Action

**Violation of the Fair Labor Standards Act**

**("FLSA," 29 U.S.C. § 201, et seq.)**

42.     Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if fully set forth herein.

43.     Plaintiff worked for Defendants without receiving the minimum wage for all hours worked, under 29 U.S.C. § 206(a). That Section provides the following: "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the [minimum wage]."

44.     Plaintiff alleges Defendants required Plaintiff, as part of his employment, to work without additional compensation, such as overtime pay in excess of the forty hours per week maximum under 29 U.S.C. § 207(a)(1).  That Section provides the following: "Except as otherwise provided in this section, no employer shall employ any of his employees for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate which is not less than one and one-half times the regular rate at which he is employed."

45.     Plaintiff alleges Defendants required Plaintiff, as part of his employment, to work without compensation for all hours worked, to work beyond forty hours per week without the payment of overtime compensation therefore and/or to work at a wage less than the minimum wage, pursuant to, inter alia, 29 U.S.C. §§ 206 and 207(a)(1).

MUSULMAN, ET AL v. SEECT EXPRESS & LOGISTICS, ET AL.
COMPLAINT

46.   Plaintiff's FLSA claims are brought not only for alleged overtime violations, but also for alleged off-the-clock and minimum wage violations as well. Indeed, in the performance of his duties for Defendants, Plaintiff often did work over forty hours per week, yet did not receive straight or overtime compensation for the work, labor and services they provided to Defendants, as required by the FLSA. The precise number of unpaid overtime hours will be proven at trial.

47.   Defendants' violations of the FLSA were willful and are ongoing. As a result of the foregoing, Plaintiff seeks judgment against Defendants for unpaid wages, including overtime wages owed by Defendants pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interests, and reasonable attorneys' fees, pursuant to, inter alia, 29 U.S.C. § 216(b).

## Fourth Cause of Action

## Failure to Furnish Itemized Statements

### (Lab. Code §§ 226(b), 1174, 1175)

48.   Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

49.   Throughout the period applicable to this cause of action, Defendants intentionally failed to furnish to Plaintiff, upon each payment of wages, itemized statements accurately showing, among other matters: total hours worked, the applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate.

50.   Plaintiff was damaged by these failures because, among other things, the failures led her to believe that she was not entitled to be paid overtime, even though she was so entitled, and because the failures hindered her from determining the amounts of overtime wages owed to her.

MUSULMAN, ET AL v. SEECT EXPRESS & LOGISTICS, ET AL.
COMPLAINT

51.     Plaintiff is entitled to the amounts provided for in Labor Code section 226(e), plus costs and attorneys' fees.

52.     WHEREFORE, Plaintiff requests relief as described herein and below.

### Fifth Cause of Action

### Failure to Provide Meal Periods

(Lab. Code §§ 226.7 and 512)

53.   Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

54.    Throughout the period applicable to this cause of action, California law, as set forth in relevant part by the Industrial Welfare Commission Wage Orders at section (11), provided as follows:

> i.     No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes . . .
>
> ii.     If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

55.   Similarly, Labor Code section 226.7 requires payment of one (1) hour of pay in lieu of meal periods not provided by the employer.  Throughout the period applicable to this cause of action, Defendants failed to consistently allow and provide the meal periods required by California law.  Therefore, Plaintiff is entitled to compensation as stated above, plus interest, attorneys' fees, costs and other applicable relief.

MUSULMAN, ET AL v. SEECT EXPRESS & LOGISTICS, ET AL.
COMPLAINT

56.     Throughout the period applicable to this cause of action, Defendants required Plaintiff to work during meal periods mandated by the applicable orders of the Industrial Welfare Commission.  Therefore Plaintiff is entitled to be paid as stated in Labor Code section 226.7, plus interest, attorneys' fees, costs and other applicable relief.

57.     On information and belief, Plaintiff alleges that he did not voluntarily or willfully waive rest and/or meal periods and was regularly required to work through rest and meal periods.  Defendants failed to meet the requirements for lawful on-duty rest and/or meal periods and/or instituted a course of conduct that created a working environment in which non-exempt employees were incapable of taking rest and/or meal periods.  As such, non-exempt employees were intimidated or coerced into waiving rest and/or meal periods, and any written waivers were obtained without full disclosure and are thus involuntarily and without consent.

58.     WHEREFORE, Plaintiff requests relief as described herein and below.

## Sixth Cause of Action
### Failure to Provide Rest Periods
(Lab. Code § 226.7)

59.     Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

60.     By their failure to provide rest periods for every four (4) hours or major fraction thereof worked per workday by non-exempt employees, and failing to provide one (1) hour's pay in lieu thereof, as alleged above and herein, Defendants willfully violated the provisions of Labor Code sections 226.7 and IWC Wage Orders at section (12).

MUSULMAN, ET AL v. SEECT EXPRESS & LOGISTICS, ET AL.
COMPLAINT

61.    By failing to keep adequate time records required by sections 226 and 1174(d) of the Labor Code and IWC Wage Order at section (7), Defendants have injured Plaintiff and made it difficult to calculate the unpaid rest and meal period compensation due Plaintiff.  On information and belief, Plaintiff alleges that Defendants' failure to maintain accurate records was willful.

62.    As a result of the unlawful acts of Defendants, Plaintiff has been deprived of premium wages in amounts to be determined at trial, and are entitled to an accounting and recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 201, 202, 203, 218.5, 226, 226.7, 1194 and 1199, and the applicable IWC Wage Orders.

63.    WHEREFORE, Plaintiff requests relief as described herein and below.

## Seventh Cause of Action

### Violation of Unfair Competition Law

### (Bus. and Prof. Code § 17200 *et seq.*)

64.    Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

65.    Plaintiff brings this action pursuant to Business and Professions Code sections 17200 *et seq.*  Defendants' conduct alleged above constitutes unlawful business acts and practices in violation of Business & Professions Code sections 17200 *et seq.*  Defendant engaged in unfair competition in violation of the UCL by violating, *inter alia,* each of the following laws:  each of these violations constitutes an independent and separate violation of the UCL.

      a.  California applicable Wage Orders

      b.  California Labor Code § 1194;

      c.  California Labor Code §§ 201, 202, 203, 204, and 226;

d.  California Labor Code § 1174; and

e.  California Labor Code § 510, which provides in relevant part:

> i.    *Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.*

66.    Defendant's course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendant's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.  The harm to Plaintiff in being wrongfully denied lawfully earned wages outweighs the utility, if any, of Defendant's policies or practices and, therefore, Defendant's actions described herein constitute an unfair business practice or act within the meaning of the UCL.

67.    The unlawful and unfair business practices and acts of Defendant, described above, have injured Plaintiff in that she was wrongfully denied the payment of earned overtime wages.

68.    The Plaintiff seeks restitution in the amount of the respective unpaid wages earned and due at a rate not less than one and one-halftimes the regular rate of pay for work performed in excess of forty hours in a work week, or eight hours

MUSULMAN, ET AL v. SEECT EXPRESS & LOGISTICS, ET AL.
COMPLAINT

in a day, and double the regular rate of pay for work performed in excess of twelve hours per day and such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.

69.    Pursuant to Business and Professions Code sections 17200 *et seq.*, for the statute of limitations period covered by this cause of action, Plaintiff is entitled to restitution for at least the unpaid overtime earnings and other unpaid earnings withheld and retained by Defendants referred to above.

70.    Plaintiff is entitled to permanent injunctive and declaratory relief prohibiting Defendants from engaging in the violations and other misconduct referred to above.

71.    Defendants are also liable to pay attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable law, and costs. Plaintiff also seeks recovery of attorneys' fees and costs of this action to be paid by Defendant, as provided by the UCL and California Labor Code §§ 218, 218.5, and 1194.

72.    WHEREFORE, Plaintiff requests relief as described herein and below.

## **Eighth Cause of Action**

### **Violation of Labor Board Section 2699**

73.    Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

 As a result of the acts alleged above, Plaintiff seeks penalties under Labor Code §§203, 212, 226.7, 510, 1194.

74.    For each such violation, Plaintiff is entitled to penalties in an amount to be shown at the time of trial subject to the following formula.

1.    For $100 for the initial violation per pay period.

2.  For $200 for each subsequent violation per pay period.

75.     These penalties shall be allocated 25% to the Labor and Workforce Development Agency ("LWDA") and 75% to the affected employees.

76.     Plaintiff sent a certified letter to the LDWA and Defendants as prescribed by the Labor Code postmarked September 21, 2018. Plaintiff seeks penalties as though the LDWA decided not to investigate pursuant to Labor Code §2699.3(a)(2)(A).

77.     WHEREFORE, Plaintiff requests relief as described herein and below and as deemed just.

## Ninth Cause of Action

### Injunctive Relief

78.     Plaintiff incorporates all previous paragraphs of this complaint as though fully set forth herein.

79.     Defendants employment practices, including but not limited to its misclassification of employees will cause Plaintiff and the class members to suffer irreparable injury.

80.     If not enjoined by order of this court, Defendants will continue to misclassify its employees as exempt from basic wage protections such as overtime pay, the opportunity to take rest and meal breaks, expense reimbursement, minimum wage pay and accurate and on-time payment of all wages due and Plaintiff and the proposed class will suffer irreparable injury.

81.     Plaintiff does not have a plain, speedy and adequate remedy in the ordinary course of the law.

MUSULMAN, ET AL v. SEECT EXPRESS & LOGISTICS, ET AL.
COMPLAINT

# V.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1.     For unpaid wages at overtime rates for all overtime work and unpaid wages for all work which she was not paid;

2.     For general and special damages as may be appropriate;

3.     For waiting time penalties and civil penalties even if no longer in defendants' employ at the time of judgment;

4.     For pre-judgment interest;

5.     For the amounts provided for in Labor Code §§ 226(b). 226.7;

6.     For restitution as described in the cause of action under Business and Professions Code §§ 17200 et seq. above;

7.     For permanent injunctive and declaratory relief descried in the cause of action under Business and Professions Code §§ 17200 et seq. above;

8.     For penalties pursuant to Labor Code § 2699;

9.     For penalties pursuant to Labor Code § 2802;

10.     A declaratory judgment that the practices complained of herein are unlawful under California state law;

11.     For penalties for unpaid wages, and overtime wages owed pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interests, and reasonable attorneys' fees, pursuant to, inter alia, 29 U.S.C. § 216(b).

12.     Costs and attorneys' fees;

13.     Interest as permitted by law;

MUSULMAN, ET AL v. SEECT EXPRESS & LOGISTICS, ET AL.
COMPLAINT

14.    Such other injunctive and equitable relief as the Court may deem proper.

**DATED:** June 14, 2019                  **HAMNER LAW OFFICES, APLC**

 

 

_____

By:  Christopher J. Hamner, Esq.
Attorney for Plaintiff Christopher Musulman
and the proposed class

21

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of June 2019, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and will be sent electronically to the registered participants.

<u>/s/ Christopher J. Hamner</u>
Christopher J. Hamner, Esq.